UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MARTEESE SMITH, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ADEBCO, INC., and DEBRA YOUNG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 2:20-cv-00003<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Second Motion for Conditional Certification Approval of 29 U.S.C. § 216(b) Notice and Consent Forms Order for Disclosure of Current and Former Employees of Defendant ADEBCO, Inc., and Toll Statute of Limitations for Putative Class (Doc. No. 98). For the following reasons, the Motion (Doc. No. 98) will be granted in part and denied in part.

**I.  BACKGROUND**

On November 16, 2018, ADEBCO entered into an Independent Contractor Trucking Agreement with Kiewit Infrastructure South Co. ("Kiewit"), under which ADEBCO agreed to furnish dump trucks and drivers to perform hauling on I-440. (Doc. Nos. 99-1 ¶ 7). Pursuant to this agreement, ADEBCO hired Marteese Smith in July 2019, who, throughout his employment, drove a dump truck from ADEBCO's yard in Nashville to the I-440 project site, which was also located in Davidson County, Tennessee. (Doc. Nos. 98-1 at 4; 99-1 ¶ 11). ADEBCO paid its drivers consistent with the Pay Policy that states that a driver's pay is based on "billable time to [the] customer" and that time not billed to a customer would be paid from the driver's regular pay rate regardless of whether that driver worked more than 40 hours in a given workweek. (Doc. Nos.

98-1 ¶ 7; 99-1 ¶¶ 8, 10). As a result of ADEBCO's adherence to this policy, Plaintiff avers that he and other drivers were underpaid in violation of the Fair Labor Standards Act, 29 U.S.C § 207, (the "FLSA"). (Doc. Nos. 28 ¶¶ 31–33, 42; 98-1 ¶¶ 7–11).

Accordingly, on April 1, 2022, Smith filed the instant Motion for conditional certification. Plaintiff seeks conditional certification of a collective action consisting of:

> All current and former employees who worked as a driver for ADEBCO, Inc. and Debra Young hauling material from the I-440 worksite to the Vulcan Danley quarry located off of Harding Place in Davidson County, Tennessee and who did not drive out of the State of Tennessee at any time since January 16, 2017, and who worked more than 40 hours in a workweek in some weeks during that period and believe they did not receive overtime wages for all overtime worked.

(Doc. No. 98-2 at 1). Additionally, Smith make four requests to facilitate notice to potential collective action members. He requests the Court to (1) direct Defendants to immediately provide his counsel a computer-readable file containing the names, last known addresses, last known email addresses, social security numbers, dates of employment, and last known telephone numbers of "all drivers who, like Plaintiff, operated vehicles for hauling construction materials for Defendants at the I-440 construction site in Davidson County, Tennessee within the last [four] years"; (2) toll the statute of limitations for the putative collective action participants to the date this Motion is granted; (3) require that "notice be posted at Defendants' physical location where it stores its trucks, enclosed with all current drivers' next regularly scheduled paycheck or stub, and be mailed and emailed to such drivers so they can assert their claims on a timely basis as part of this litigation"; and (4) deem opt-in plaintiff's consent forms "filed" on the date that they are postmarked (excluding any plaintiffs who have opted in prior to the Court-supervised Notice being sent). (Doc. No. 98 at 1–2, 19).

Defendants responded to Smith's Motion on May 2, 2022, (Doc. No. 99), and the parties filed supplemental briefs on June 15, 2022, focused on the application of Finn v. Dean

Transportation, Inc., 53 F. Supp. 3d 1043 (M.D. Tenn. 2014), Secretary of Labor v. Timberline South, LLC, 920 F.3d 1065 (6th Cir. 2009), and any other potentially similar, applicable decision. (Doc. Nos. 105–06).[1]

## II. LEGAL STANDARD

The FLSA generally requires that employers pay employees specified hourly rates for up to 40 hours per week and pay overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours in a week. 29 U.S.C. § 207. To enforce this provision, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" who opt in by giving their consent in writing. 29 U.S.C. § 216(b). Accordingly, "[d]istrict courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification." Honaker v. Wright Bros. Pizza, Inc., No. 2:218-cv-01528, 2020 WL 134137, at *1 (S.D. Ohio Jan. 13, 2020) (citing Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 671 (6th Cir. 2012)).

At the conditional certification stage, the lead plaintiff bears the burden of showing that opt-in plaintiffs are similarly situated. Frye, 495 F. App'x at 671; see also Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006). Although the FLSA does not define the term "similarly situated," the Sixth Circuit has noted that courts have considered the "'factual and employment setting of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying

---

[1] After careful review of the relevant cases and the parties' briefings, the Court concludes that it need not determine whether the Motor Carrier Act exception, 29 U.S.C. § 213(b)(1), insulates Defendants from liability for it to resolve the pending Motion. The Court anticipates additional briefing on this salient issue at a later stage in the litigation.
3

the action as a collective action.'" O'Brien v. Ed Donnelly Enters., 575 F. 3d 567, 584 (6th Cir. 2009), abrogated on other grounds, Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670 (2016). "[It] is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Id. at 585; see also Vasser v. Mapco Express, 546 F. Supp. 3d 694, 701 (M.D. Tenn. 2021) (citing Bradford v. Logan's Roadhouse, Inc., 137 F. Supp. 3d 1064, 1071 (M.D. Tenn. 2015)). Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. But "[s]howing a 'unified policy' of violations is not required [for certification]." Id. at 584. As the Sixth Circuit stated in O'Brien, even a requirement that employees' "causes of action under the FLSA accrued at about the same time and place in the approximate manner of the named plaintiff" would be "more demanding than what the [FLSA] requires." Id. at 585. If the named plaintiff shows that employees in the proposed class are similarly situated, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Comer, 454 F.3d at 546.

Where, as here, the request is made early in the case and prior to significant discovery, the standard is "fairly lenient," and requires only "a modest factual showing that" typically results in conditional certification for the representative class." Comer, 454 F.3d at 547 (quoting Pritchard v. Dent Wizard Int'l Corp., 21 F.R.D. 591, 594 (S.D. Ohio 2002); Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). In meeting this burden, substantial allegations supported by declarations are "all that is required." White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 373 (E.D. Tenn. 2006). And, at this first stage of conditional certification, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make

4

credibility determinations." Roberts v. Corr. Corp. of Am., No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. June 25, 2015) (citing Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)).

After the parties complete discovery, the Court then moves to the second phase of the certification process. See Evans v. Caregivers, Inc., No. 3:17-cv-402, 2017 WL 2212977, at *5 (M.D. Tenn. May 19, 2017) (citing Struck v. PNC Bank N.A., No. 2:11-cv-00982, 2013 WL 571849, at *2 (S.D. Ohio Feb. 13, 2013)). "At the second stage, . . . trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated" because "the court has much more information on which to base its decision." Comer, 454 F.3d at 546 (quoting Morisky, 111 F. Supp. 2d at 497). The bar at this later stage is significantly more stringent. Id. (citing Atkinson v. Teletech Holdings, Inc., No. 3:14-cv-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015)). But because analyzing the second phase "is for another day," the Court will now determine whether to conditionally certify the class at issue. See Vasser v. Mapco Express, LLC, No. 3:20-cv-665 2021 WL 2661136, at *11 (M.D. Tenn. June 29, 2021) (Crenshaw, Jr., C.J.).

## III. ANALYSIS

### A. Conditional Certification of Plaintiff's Claim

To support his Motion, Smith submitted a declaration averring that, pursuant to the Pay Policy, Kiewit would regularly clock him in well-after the start of his workday and clock him out well before the end of his workday, (Doc. No. 98-1 ¶¶ 4–5), and that ADEBCO paid Smith at his regular-hour rate for a portion of his overtime work. (See id. ¶¶ 6, 8 ("During the pay period from August 19, 2019 [to] August 24, 2019, I worked 65 recorded hours. I received regular payment for 46 hours regular pay, and only 19 hours of overtime pay.")). Smith further states that "about

thirty other drivers . . . performed the same duties and worked in the same locations as [he] did[,] . . . were subject to the same pay practice," and were also "not paid overtime pay for all hours worked over 40 hours." (Id. ¶¶ 9, 11).

In so doing, Smith makes the "modest factual showing" that this step of conditional certification requires. Comer, 454 F.3d at 547. By stating that about 30 other truck drivers who only drove within Tennessee were subject to the same improper pay practice, Smith's declaration unifies the proposed opt-in plaintiffs under a common theory. O'Brien, 575 F. 3d at 585. Undoubtedly, each potential opt-in plaintiff's timesheet will be distinct, but such differences are immaterial at this time. Id.

Defendants oppose conditional certification on several grounds. First, Defendant's assert that conditional certification is inappropriate because Smith lacks a viable claim. (Doc. No. 99 at 17). To support their position, Defendants submitted an audit of Smith's daily time tickets (Doc. No. 99-1 at 17–30) and conclude that he was overpaid by roughly 48 hours.[2] (Doc. No. 99 at 20). As a result, according to Defendants, Smith cannot be similarly situated to any underpaid workers that would opt in if the collective action is conditionally certified. (Id. at 21).

However, the Court must not consider such evidence because "at this point, [the Court] does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Roberts, 2015 WL 3905088, at *10. As other courts in this circuit have explained, "[a] court should not weigh the merits of the underlying claims in determine whether potential opt-in plaintiffs may be similarly situated." Bearden v. AAA Auto Club. S., Inc., No. 2:11-cv-03104-JTF-dkv, 2013 WL 1181474, at *6 (W.D. Tenn. Mar. 18, 2013) (citation

---

[2] Defendants' arithmetic fails to squarely confront Smith's claim, as it remains possible that he received a smaller sum of money than he was owed because the rate of pay for regular hours is far lower than that of overtime hours.

6

Case 2:20-cv-00003   Document 120   Filed 05/05/23   Page 6 of 11 PageID #: 1078

omitted). "Where, as here, plaintiff[] ha[s] adduced sufficient evidence to meet step one's 'extremely lenient standard' for conditional certification, evidence offered by the defendant[s] purporting to show plaintiff [is] not similarly situated . . . while significant after discovery and during the step-two analysis, does not compel denial of conditional certification." Gallagher v. Lackawanna Cnty., No. 3:CV-07-0912, 2008 WL 9375549, at *9 (M.D. Pa. May 30, 2008)).

Defendants' reliance on the inapposite White v. Baptist Memorial Health Care Corp., 699 F.3d 869 (6th Cir. 2012), underscores that their arguments are best suited for a later stage of litigation. In White, the Sixth Circuit affirmed the district court's decision to decertify the conditionally certified class at summary judgment because the plaintiff failed to demonstrate that she had a viable claim. Id. The Sixth Circuit took no issue with the "the district court['s] appli[cation of] the . . . lenient standard at the first stage." 699 F.3d at 877. It only required additional scrutiny—which Defendants would have this Court apply now—"after all class plaintiffs have decided whether to opt-in and discovery has concluded." Id.

Likewise, here, at this first stage of certification, it remains to be seen whether discovery will bolster or undercut Smith's allegations. Still, those allegations are sufficient to warrant granting conditional certification at this stage. Roberts, No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. June 25, 2015) (citation omitted).

Next, Defendants argue that, even assuming *arguendo* that Smith has a claim for unpaid overtime, the Court should not conditionally certify the collective action because of the individualized inquiries and defenses that will arise. But—as underscored by Defendants' reliance on cases that concern the *decertification* of collection actions and class actions pursuant to Federal Rule of Civil Procedure 23—this is not the law. (See Doc. No. 99 at 23 (citing inapposite cases for the proposition that "when a defendant has unique defenses against each class member's claim,

7

the case is unsuitable for class-wide treatment.")). To be similarly situated for purposes of conditional certification, employees need only be "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." O'Brien v. Ed. Donnelly Enterprises, Inc., 575 F.3d 567, 584 (6th Cir. 2009). Here, as previously identified by the Court, Smith has clearly offered a common theory. (Doc. No. 98-1 ¶¶ 4–11).

Last, Defendants argue that conditional certification is improper because Smith "must [] show that other employees are interested in opting in." (Doc. No. 99 at 23 (citing Frye v. Baptist Memorial Hosp., 2008 WL 6653632, at *6 (W.D. Tenn. Sept. 16, 2008))). However, Frye—the only case on which Defendants rely for this proposition—explicitly states that the Sixth Circuit has "never" required a plaintiff show that sufficient interest exists among potential opt-in plaintiffs to warrant conditional certification. Id. The Court sees no reason to impose such a standard here.

B. Defendants' Right to Offset

Next, in less than a page, Defendants argue that they are "entitled to credit should the Court later determine that Plaintiff is owed any overtime" and that "ADEBCO's entitlement to a credit, and the amount of credit and whether it entirely offsets the amount of overtime claimed by [Smith] or others, presents individualized issues which can only be determined on a driver-by-driver basis." (Doc. No. 99 at 24). But these freestanding assertions, true or not, have no apparent bearing on Smith's pending Motion, and Defendants make no attempt to tie them to the issue of conditional certification. What's more, the posture of the case on which Defendants rely, Bray v. Dog Star Ranch, No. 1:08-cv-1005, 2010 WL 889908 (W.D. Mich. Mar. 10, 2010), raises questions of whether this issue is more appropriately raised at summary judgment. See id. at *12–14 (addressing the issue at summary judgment). Regardless, the Court need not reach the topic to resolve the present Motion.

C. <u>Proposed Notice Protocol and Disclosure of Potential Plaintiffs</u>

FLSA claims are governed by a two-year statute of limitations or, in the case of a "willful violation," a three-year statute of limitations. 29 U.S.C. § 255(a). The statute of limitations is not tolled for any individual class members until that individual has filed a "written consent to join form" with the court. 29 C.F.R. § 790.21(b)(2). The information contained in a notice form is, therefore, important to allow a prospective plaintiff to understand his or her interests and a collective action hinges on "employees receiving accurate and timely notice concerning [its] pendency . . . so that they can make informed decisions about whether to participate." <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989). Courts have the authority to supervise the issuance of notice in FLSA collective actions, with the objective of "manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." <u>Id.</u>

Smith makes four requests to facilitate notice to the potential opt-in plaintiffs which the Court has listed above. Rather than oppose these specific requests, Defendants listed a handful of preliminary objections and "request[ed] the opportunity to meet and confer with Plaintiff's counsel concerning those materials and submit agreed-upon documents for the Court's approval." (Doc. No. 99 at). The Court has reviewed the proposed notice and consent forms. While the Court is aware that the statute of limitations will run during the short period described below, it was Smith's decision to file a Motion for Conditional Certification without first meeting and conferring with counsel to work out a mutually agreeable protocol. The result is disagreement between the parties regarding that protocol which should be easily resolved.

Therefore, the Court will order the parties and/or their counsel of record to confer in-person and submit an agreed-upon protocol and agreed-upon notice and consent forms no later than May

9

19, 2023. If the parties cannot agree, Smith shall file his proposed versions, and Defendants may file their specific objections thereto, both by the same deadline. Smith may respond to Defendants' objection no later than May 26, 2023. The Court will also order Defendants to furnish the information detailed in Smith's first request no later than May 12, 2023.

### D. Equitable Tolling

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir. 2000)). "The equitable tolling doctrine is read into every federal statute," Penley v. NPC International, Inc., 206 F. Supp. 3d 1341, 1347 (W.D. Tenn. 2016) (quoting U.S. v. $57,960.00 in U.S. Currency, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)), and "[t]he decision to invoke equitable tolling in a particular case lies solely with the discretion of the trial court." Penley, 206 F. Supp. 2d at 1347 (citing Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)). Here, Smith's Motion was subject to a Court systems error that has since been corrected. As a result, during the pendency of Smith's Motion, the statute of limitations continued to run for potential opt-in plaintiffs. Though some delay is by no means unusual in FLSA litigation, a delay of this length—wholly outside of Smith's or any potential opt-in plaintiff's control—may have a material adverse impact on potential opt-in plaintiffs' ability to pursue their claims. Accordingly, equitable tolling is appropriate, see Truitt, 148 F.3d at 648 ("We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in

10

pursuing one's rights . . . "), and the Court shall toll the statute of limitations for opt-in plaintiffs for a period of time equal to the pendency of Smith's Motion.

## IV. CONCLUSION

Smith's Second Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice and Consent Forms, Order for Disclosure of Current and Former Employees of Defendant ADEBCO, Inc., and Toll Statute of Limitations for Putative Class (Doc. No. 98) will be **GRANTED IN PART** and **DENIED IN PART**.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE